

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
SHELLEY K.G. CLEMENS
Assistant U.S. Attorney
Oklahoma State Bar No. 16567
405 W. Congress St., Suite 4800
Tucson, AZ 85701-5040
Tel. (520) 620-7300
Fax (520) 620-7320
2helley.clemens@usdoj.gov
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>James Lamar Ford, Jr.,<br>Defendant. | CR18-00261-TUC-CKJ(LAB)<br>Plea Agreement |

The United States of America and the defendant, James Lamar Ford, Jr., agree to the following disposition of this matter:

**PLEA**

The defendant agrees to plead guilty to Count One of the Indictment, charging the defendant with a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), Possession of Firearms and Ammunition by a Convicted Felon, a felony offense. The defendant also agrees not to contest to the Forfeiture Allegation of the Indictment.

**ELEMENTS OF THE CRIME**

The essential elements of Possession of Firearms and Ammunition by a Convicted Felon are that:

(A) The defendant knowingly possessed firearms and ammunition;

(B) At the time the defendant possessed the firearms and ammunition, he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

(C) The firearms and ammunition affected commerce in that they were previously transported into the state of Arizona from another state or foreign country.

**STIPULATIONS, TERMS AND AGREEMENTS**

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

Maximum Penalties: The defendant understands and agrees that the maximum penalty for the offense to which he is pleading are a fine of $250,000, a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years supervised release.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Special Assessment: The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

Immigration consequence: The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

Agreement Regarding Sentencing:

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the below stipulated sentencing ranges, based on the defendant's criminal history (CH), are an appropriate disposition of this case:

(1) 8 - 12 months imprisonment if the defendant is in CH category I;

(2) 10 - 15 months imprisonment if the defendant is in CH category II;

(3) 12 - 18 months imprisonment if the defendant is in CH category III;

(4) 18 - 24 months imprisonment if the defendant is in CH category IV;

(5) 24 - 30 months imprisonment if the defendant is in CH category V;

(6) 27 - 33 months imprisonment if the defendant is in CH category VI.

b. This agreement is expressly conditioned on the defendant having no prior felony convictions for Controlled Substance offenses and/or Crimes of Violence as per the U.S.S.G. § 2K2.1(a)(4). If the defendant has any such convictions, the government may withdraw from the plea agreement.

c. The defendant may withdraw from the plea agreement if he receives a sentence in excess of the stipulated sentencing range based upon Probation's calculation of the defendant's criminal history score and category. The government may withdraw of the defendant receives a sentence below the stipulated sentencing range based upon Probation's calculation of the defendant's criminal history score and category.

d. The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the defendant requests or if the Court authorizes any reduction of sentence, either by departure or variance, not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement. There is no agreement between the parties as to whether this sentence will run concurrent or consecutive to any time revoked for supervised release violations in Case No. CR-16-355-PHX-CKJ(LAB).

e. If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

f. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

g. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

h. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

Disclosure of Information to U.S. Probation:

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

**AGREEMENT AS TO FORFEITURE**

a. Defendant, JAMES LAMAR FORD, JR., agrees to abandon and relinquish any and all right, title and interest he may have in one (1) Smith & Wesson model M&P Shield, 9mm caliber semiautomatic bearing serial number HKE8099.

b. Defendant, JAMES LAMAR FORD, JR., knowingly and voluntarily agrees to forfeit all right, title and interest in one (1) Bersa, model Thunder 380, .380 caliber semiautomatic pistol bearing serial number D32567, eight (8) rounds Winchester-Western 9mm caliber ammunition, and four (4) rounds Remington .380 caliber ammunition.

c. Defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive all interest in the asset listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

d. Defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

e. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

f. Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution,

including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

g. Defendant warrants that he is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed asset covered by this agreement.

h. Defendant knowingly and voluntarily agrees and understands the forfeiture of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

Reinstitution of Prosecution:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Waiver of Defenses and Appeal Rights:

The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon the defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack the defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this

waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)) or a claim by the defendant of ineffective assistance of counsel.

Plea Addendum:

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

**WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS**

Waiver of Rights:

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Factual Basis:

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial,

the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

On October 11, 2016, the defendant, JAMES LAMAR FORD, JR., was convicted of Escape, in case number CR-16-00355-PHX-SPL, in the United States District Court for the District of Arizona. On November 29, 2006, the defendant was convicted of Possession of a Firearm by Previously Convicted Felon, Possession of Illegally Modified Firearms, Possession of Unregistered Firearms and Possession of Ammunition by a Previously Convicted Felon, in case number DNYN104CR000378, in the United States District Court for the Northern District of New York. Each of the charges listed above are felonies, which carry a term of punishment in excess of one year.

On January 24, 2018, at or near Sierra Vista, in the District of Arizona, a vehicle the defendant had been driving was searched by an officer with U.S. Probation. Found in the vehicle were two firearms and ammunition, to wit: one (1) Smith & Wesson model M&P Shield, 9mm caliber semiautomatic pistol bearing serial number HKE8099, one (1) Bersa, model Thunder 380, .380 caliber semiautomatic pistol bearing serial number D32567, eight (8) rounds Winchester-Western 9mm caliber ammunition, and four (4) rounds Remington .380 caliber ammunition. The defendant was advised his Miranda rights and agreed to make a statement. The defendant admitted that he knew the firearms and ammunition were in the vehicle, and they were in his possession. An interstate nexus expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives confirmed that the ammunition affected commerce in that it was previously transported into Arizona from another state or foreign country.

9-5-18
Date

James Lamar Ford, Jr.
Defendant

DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and the defendant's

waiver of his right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9-5-18
Date

Steven West, Esq.
Attorney for the defendant

GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

9-5/18
Date

SHELLEY K.G. CLEMENS
Assistant U.S. Attorney