ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
SHELLEY K.G. CLEMENS
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: shelley.clemens@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>   vs.<br><br>James Lamar Ford, Jr.,<br><br>             Defendant. | Case Nos.  CR-16-00355-PHX-CKJ(LAB)<br>                  CR-18-261-TUC-CKJ(LAB)<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY SENTENCE** |

Now comes the United States of America, by and through its undersigned attorneys and hereby submits its Response in Opposition to defendant's pro se Motion to Modify Sentence.

The defendant asserts that modification of his sentences in the referenced cases were incorrectly imposed as the two sentences should have run concurrently pursuant to U.S.S.G. § 5G1.3(b).  The defendant is incorrect.

The defendant further asserts that the U.S. Bureau of Prisons has improperly calculated the length of his sentence by failing to give him credit for time served. The defendant will need to exhaust the administrative remedies available through B.O.P.  If he still believes his sentence has been incorrectly calculated, he will then need to file a separate petition for habeas corpus pursuant to 28 U.S.C. § 2241.

///

///

## I.     CR-18-00261-TUC-CKJ:  UNDERLYING FACTS AND PROCEDURE

On February 21, 2018, the defendant was indicted on a charge of felon in possession of firearms and ammunition. (CR-18-261; CR 7.)  The defendant entered a plea of guilty pursuant to a plea agreement with the government on September 5, 2018.  (CR 18-261; CR 32.)  The plea agreement called for a range of punishment of 8 to 33 months, depending upon the defendant's criminal history category.  The plea agreement specifically stated that there was no agreement between the parties as to whether the sentence imposed in CR-18-261-TUC-CKJ would run concurrent or consecutive to any time revoked in Case No. CR-16-355-PHX-CKJ.  (CR-18-261; CR 33.)

The defendant appeared for sentencing on November 28, 2018. This Court sentenced the defendant to a term of imprisonment of 24 months, with credit for time served, to be followed by three-year term of supervised release.  (CR-18-261; CR 40.)

## II.     CR-16-00355-PHX-CKJ:  UNDERLYING FACTS AND PROCEDURE

On March 29, 2016, the defendant was indicted on a charge of Escape from Custody in the United States District Court for the District of Arizona – Phoenix Division.  (CR-16-00355; CR 12.)  The defendant entered a plea of guilty to that charge, pursuant to a plea agreement with the government on July 21, 2016. (CR-16-00355; CR 28.)  The defendant appeared for sentencing on July 10, 2013.  The Court imposed a sentence of ten months in custody, to run consecutive with a sentenced imposed in United States District Court for the Northern District of New York Case No. CR -04-378-LEK.  The judge further ordered that upon release from custody the defendant was to be placed on supervised release for a period of three years.   (CR-16-00355; CR 47.)

On January 25, 2018, a Petition to Revoke Supervised Release was filed in the defendant's case.  The allegations in the petition included a claim that the defendant had committed the offense of possession of a firearm by a prohibited possessor, as charged in Case No. CR-18-261-TUC-CKJ. (CR-16-00355; CR 71.)  Due to the pending charges, this case was transferred to the Tucson division. (CR-16-00355; CR 80.)

The defendant admitted to violating his supervised release on September 5, 2018 pursuant to a disposition agreement with the government. (CR-16-00355; CR 96.) The disposition agreement called for a range of incarceration of 12 to 15 months, with an additional term of supervised release to be determined by the sentencing judge. The parties did not enter into an agreement as to whether the sentence in CR-16-0355 would run concurrent or consecutive to charges pending in CR-18-261-CKJ. (CR-16-00355; CR 97.) At the final disposition hearing on November 28, 2018, this Court revoked the defendant's supervised release for a period of twelve months, to run consecutive to the sentence imposed in Case No. CR-18-261-TUC-CKJ. (CR-16-00355; CR 102.)

### III.    ARGUMENT AND AUTHORITY

The defendant is seeking to modify his sentence in CR-18-261-TUC-CKJ and CR-16-00355-PHX-CKJ, asserting that the district court erred by running the two sentences consecutively, as U.S.S.G. §5G1.3(b) mandates that should have been ordered to run concurrently.   The defendant is not entitled to relief.

First, the district court cannot modify the defendant's federal sentence at this time. A district court may only modify a defendant's sentence in certain specified instances where Congress has expressly granted the court jurisdiction to do so. *United States v. Ornelas*, 825 F.3d 548, 549 (9th Cir. 2016.)  Title 18, United States Code, Section 3582(c) sets forth three instances wherein a court may modify a term of imprisonment once it has been imposed.  A court may modify a sentence (1) under certain circumstances upon motion of the Director of the Bureau of Prisons; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) in some cases where the Sentencing Commission has subsequently lowered the sentencing range applicable to defendant's sentence.

As the Director of Bureau of Prisons has not moved to modify the defendant's sentence, the first option in clearly unavailable. The third option is also not available to the

///

- 3 -

defendant Ford as the Sentencing Commission has not lowered the sentencing range applicable to his sentence since he was sentenced.

The second option, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, empowers the court to correct or reduce a sentence in three circumstances. Rule 35(a) allows the district court to correct an illegal sentence on remand from a court of appeals. Rule 35(b) allows the court, upon motion of the government made within one year after imposition of sentence, to reduce a sentence to reflect subsequent, substantial assistance. Rule 35(c) allows the court to modify a sentence within seven (7) days of imposition of sentence to correct any arithmetical, technical or other clear errors. None of these exceptions apply.

Second, the defendant is incorrect that § 5G1.3(b) applies. The commentary in § 5G1.3, provides guidance as to which subsection of § 5G1.3 applies when a defendant is on probation, parole or supervised release at the time a new federal offense is committed and such probation, parole or supervised release is revoked. Application note 4(C) reads as follows:

> Undischarged Terms of Imprisonment Resulting from Revocations of Probation, Parole or Supervised Release.—Subsection (d) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked. Consistent with the policy set forth in Application Note 4 and subsection (f) of §7B1.3 (Revocation of Probation or Supervised Release), the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.

U.S.S.G. §5G1.3, comment. (n.4(C)). It is clear that application note 4(C) interprets § 5G1.3 so as to require that § 5G1.3(d)[1] apply in cases where the defendant is pending

---

[1] Section 5G1.3(d) states that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

- 4 -

sentencing on a new offense and revocation of his supervised release, and recommends the sentence to run consecutively.[2] §5G1.3(d) gives the district court the discretion to run the sentences concurrently, partially concurrently, or consecutively.

Section 7B1.3(f) also recommends consecutive sentences in situations where a defendant's probation or supervised release is being revoked where defendant is serving time on additional charges. Section 7B1.3(f) reads as follows:

> (f) Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, *whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release*.

U.S.S.G. §7B1.4(f). (emphasis added.) Application Note 4 of § 7B1.3 provides as follows:

> Subsection (f) provides that any term of imprisonment imposed upon the revocation of probation or supervised release shall run consecutively to any sentence of imprisonment being served by the defendant. Similarly, it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation.

The district court clearly had the discretion to run the revocation sentence consecutively to the sentence imposed on the new offense. As such, the defendant has not shown any error in the imposition of his sentence.

---

[2] Even if § 5G1.3(b) applied, the defendant would still not be entitled to relief. The new criminal offense of felon in possession of firearms and ammunition was the basis for the district court's finding that the defendant violated his supervised release. However, that does not make it "relevant conduct" as is required for the application of § 5G1.3(b). The defendant's supervised release was revoked because he committed a new federal offense while on supervised release. The underlying conduct of the offense itself was irrelevant and the guideline calculations were not affected due to the type of new criminal conduct committed or a particular characteristic of that conduct. *United States v. Fifield*, 432 F.3d 1056, 1062-63 (9th Cir. 2005.) The term "relevant conduct" refers to specific factors related to the offense that contribute to the determination of the guideline range, as set forth in Chapters Two (offense conduct) and Three (adjustments.) § 1B1.3.

## IV. CONCLUSION

The government respectfully requests that this Court deny defendant's Motion to Modify his Sentence. The defendant has not shown that this Court currently has jurisdiction to entertain a motion. In addition, the defendant's argument that his sentence was improper is not supported.

Respectfully submitted this 7th day of March, 2019.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*S/Shelley K.G. Clemens*

SHELLEY K.G. CLEMENS
Assistant U.S. Attorney

Copy of the foregoing mailed via certified mail
this 7th day of March, 2019, to:

James Ford, Reg. #12682-052
U.S. Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734