James Ford

Reg. #12682-052

United States Penitentiary Tucson

P.O. Box 24550

Tucson, AZ 85734



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAMES LAMAR FORD, JR.,

        Defendant.

Case Nos. CR-16-355

CR-18-261

CR-16-355-PHX-CKJ(LAB)
CR-18-261-TUC-CKJ(LAB)

REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO RECALL MANDATE

    COMES NOW, James Ford, pro se, and hereby submits its Reply to the government's response to his motion to recall mandate.

    Contrary to the government, Defendant's letter dated February 4, 2019 requesting the Court to recall its mandate is not a motion to modify sentence but a motion for the Court recall its mandate. The Court has the inherent power to recall its mandates in the interests of justice.

    Contrary to the government, application note 4(C) does not require U.S.S.G. § 5G1.3(d) to be applied in cases where the defendant is pending sentencing on a new offense and revocation of his supervised release, but § 5G1.3(d) says

"[i]n any other case," i.e., a case where subsections a through c do not apply (it is a catch-all provision). Because the act committed by the defendant in Case No. 18-261 occurred in the course of attempting to avoid responsibility for Case No. 16-355, the act constitutes relevant conduct. Thus, § 5G1.3(b) applies and the sentences should have been run concurrently.

Even if application note 4(C) did require § 5G1.3(d) to apply instead, that provision does not require the Court to run the sentences consecutively and the Court has the inherent power to reverse its mandate when the BOP subsequently changes the sentence the Court expected to result against the Court's wishes. Courts have always had the power to determine the sentence and it would violate separation of powers for the BOP to change the sentence the Court intended to give. The Court naturally expected the BOP to respect the Court's decision to give the defendant credit for time served in both cases and it is the defendant's position that the Court would have run his sentences concurrently if the Court knew the BOP was not going to respect the Court's decision. Because the BOP caused the change of sentence against the wishes of the Court and the defendant was prejudiced by it, the defendant cannot be procedurally defaulted.

Finally, the government concedes that § 7B1.3(f) does not require the Court to run the sentences consecutively and the government did not allege that the Court chose to run the sentences consecutively pursuant to § 7B1.3(f). For whatever reason, the Court chose not to run the sentence consecutively pursuant to § 7B1.3(f). The Court also has the discretion to

recall its mandate due to the way the BOP unexpectedly changed Defendant's sentence against the Court's wishes by refusing to give him credit for time served in both cases anyway. Because the government's arguments are irrelevant to whether the Court has the inherent power to recall its mandate in this situation and the government does not deny that this Court has such power, the Court should grant the relief requested in Defendant's motion.

WHEREFORE, the defendant respectfully requests the Court to recall its mandate and run the two sentences concurrently.

Respectfully submitted,

James Ford