IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
|     Plaintiff, ) | No.  CR 16-355-TUC-CKJ |
| vs. ) |       CR 18-261-TUC-CKJ |
| James Lamar Ford, Jr., ) | |
|     Defendant. ) | **ORDER** |

Pending before the Court is the Motion for Sentence Modification Under 18 U.S.C. § 3582 (H.R. 5682) First Step Act and Sentencing Reform Corrections Act (CR 16-355, Doc. 103; CR 18-261, Doc. 46) filed by James Lamar Ford, Jr. ("Ford").  The government has filed a response (CR 16-355, Doc. 104; CR 18-261, Doc. 47) and Ford has filed a reply  (CR 16-355, Doc. 105; CR 18-261, Doc. 48).  Also pending before the Court is the Motion to Correct Judgment and Commitment upon Revocation of Supervised Release (CR 16-355, Doc. 106) filed by the government.  Ford has filed a response (Doc. 107).

*Motion for Sentence Modification Under 18 U.S.C. § 3582 (H.R. 5682) First Step Act and Sentencing Reform Corrections Act* (CR 16-355, Doc. 103; CR 18-261, Doc. 46)

In his reply, Ford asserts his request is a motion to recall the mandate, rather than a motion to modify the sentence. Regardless of the title of the document, Ford is requesting the Court to modify his sentence and will, therefore, be treated as a motion to modify the sentence.

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances.

18 U.S.C. § 3582(b). Although post-conviction relief may be available in some circumstances, *see e.g.* 28 U.S.C. § 2255 (motion to vacate, set aside, or correct the sentence); Fed.R.Crim.P. 35 (correcting or reducing sentence); *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004) (discussing statutory authority for expungement of records in specific types of case, e.g., simple possession, where defendant was less than 21 at the time of the offense), the Court is not aware of any basis to determine this Court has the authority or jurisdiction to simply modify Ford's sentence in this case. Indeed, Ford has not provided any authority or jurisdictional basis in support of his request. *See* LRCrim 12.1 (see local civil rules with regard to forms of motions and memoranda); LRCiv 7.2(b) (memorandum shall set forth the points and authorities relied upon in support of the motion); LRCiv 7.2(i) (failure to comply with requirements of LRCiv 7.2 may be deemed a consent to the denial of the motion).

Even if the Court determined it had the authority to modify Ford's sentence, the Court finds Ford is not entitled to a modified sentence. Ford asserts that, pursuant to the 2018 version of the United States Sentencing Guidelines ("U.S.S.G."), § 5G1.3(b), his sentences should have run concurrent. However, the commentary to the guideline provides otherwise:

> **(C) Undischarged Terms of Imprisonment Resulting from Revocations of Probation, Parole or Supervised Release.** – Subsection (d) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked. Consistent with the policy set forth in Application Note 4 and subsection (f) of § 7B1.3 (Revocation of Probation or Supervised Release), the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.

U.S.S.G. 5G1.3, cmt. n. 4(C); *see also* U.S.S.G. 7B1.3(f). The Ninth Circuit Court of Appeals has summarized this Commentary as follows:

> [A] district court may impose sentence on a new offense to run consecutively, concurrently, or partially concurrently to undischarged term of imprisonment resulting from revocation of supervised release).

*United States v. Garcia-Banos*, 700 F. App'x 684, 685 (9th Cir. 2017) (citing U.S.S.G. § 5G1.3(d) & cmt. n.4(C)).

Additionally, during the sentencing/disposition hearing, the Court stated:

- 2 -

> . . . I'm going to order that sentence run consecutively to the sentence in your new case. I think it is appropriate and important that there be a separate sanction for you violating the Court's orders while you were under the Court's supervision, with no supervised release to follow in that matter.

TR 11/28/2018 (CR 18-261, Doc. 45, p. 19).  In other words, the Court recognized its discretion in ordering the sentence to run consecutively.  *See e.g. Garcia-Banos*, 700 Fed.Appx. at 685 (remand where it is not clear district court realized its discretion).

Although Ford argues "the act committed by the defendant in Case No. 18-261 occurred in the course of attempting to avoid responsibility for Case No. 16-355 [and] constitutes relevant conduct[,]" such that U.S.S.G. 5G1.3(b) applies, the offenses are not relevant conduct under "subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct)," U.S.S.G. 5G1.3(b).  Rather, the Escape from Custody offense in CR 16-355 is a separate offense from the Felon in Possession of Firearms and Ammunition offense in CR 18-261.

Ford also asserts the BOP has failed to provide him with 308 days credit for time served.  However, challenges to the manner, location or condition of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the custodial court.  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  In other words, a § 2241 petition is the "appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted.  *Clark v. Samuels*, No. CV-14-02593-TUC-BGM, 2018 WL 888978, at *6 (D. Ariz. Feb. 14, 2018) (citing *Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999).

The Court finds Ford has not presented any authority or basis for this Court to modify his sentence.

*Motion to Correct Judgment and Commitment upon Revocation of Supervised Release* (CR 16-355, Doc. 106)

The government requests the Court correct the Judgment and Commitment issued in CR 16-355.  The government asserts the Judgment and Commitment incorrectly states Ford was to receive credit for time served in the revocation matter.  However, the government points out that the Court did not state Ford would receive credit for time served in the 2016

- 3 -

revocation matter during the sentencing/disposition hearing.

A review of the transcript indicates the Court did not state Ford would receive credit for time served in the revocation matter. *See* TR 11/28/2018 (CR 18-261, Doc. 45, p. 19). The applicable rule states:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed.R.Crim.P. 36. Moreover, "[w]hen there is a discrepancy between an unambiguous oral pronouncement of a sentence and the written judgment, the oral pronouncement controls." *United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015).

Ford asserts the inclusion of credit for time served in CR16-355 in the Judgment was not a clerical error but shows the Court either mistakenly failed to mention the credit for time served or later changed its mind. However, as "a defendant [may] not receive a double credit for his detention time[,]" *United States v. Wilson*, 503 U.S. 329, 337 (1992), the Court disagrees with Ford. Rather, the Court's failure to orally state Ford was entitled to credit for time served in CR 16-355 was deliberate and consistent with controlling law. Contrary to Ford's assertion, the Court was not required to specifically state credit for time served would not be applied in CR 16-355.

The Court having declined to order Ford receive credit for time served in the revocation matter, the Court will grant the government's request and will direct the Clerk of Court to issue an Amended Judgment and Commitment.

Accordingly, IT IS ORDERED:

1. The Motion for Sentence Modification Under 18 U.S.C. § 3582 (H.R. 5682) First Step Act and Sentencing Reform Corrections Act (CR 16-355, Doc. 103; CR 18-261, Doc. 46) is DENIED.

2. The Motion to Correct Judgment and Commitment upon Revocation of Supervised Release (CR 16-355, Doc. 106) is GRANTED.

3. The Clerk of Court shall issue an Amended Judgment and Commitment reflecting no credit for time served as to the revocation of supervised release in CR 16-355.

4. The Clerk of Court shall mail a copy of this Order to James Lamar Ford, Jr., at the following address:

> James Lamar Ford, Jr. # 12682-052
> USP Tucson
> P.O. Box 24550
> Tucson, AZ 85734

DATED this 7th day of August, 2019.

_____
Cindy K. Jorgenson
United States District Judge